# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| MICHAEL JACK VINSON | : | DOCKET NO. 2:06-cv-1956 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| U.S. DEPARTMENT OF EDUCATION | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER TO AMEND

Currently before the court is a civil action filed *in forma pauperis* by *pro se* plaintiff, Michael Jack Vinson. The plaintiff names the United States Department of Education as the defendant in this case. The factual allegations of his complaint are very vague, and the court is unable to discern with any clarity what relief the plaintiff is seeking.

Because Plaintiff is proceeding *in forma pauperis*, the court is authorized to review the complaint under 28 U.S.C. §1915 and to dismiss any claims which the court determines are frivolous, fail to state a claim upon which relief can be granted, or seek monetary damages from a defendant who is immune from such relief.

Federal courts are courts of limited jurisdiction, and the grounds for jurisdiction must be present at the time that the action is filed and must be evident on the face of the complaint. Fed.R.Civ.P. Rule 8(a); 28 U.S.C. § 1330, *et seq*. The basis of this court's jurisdiction over these claims is unclear.

To the extent that Plaintiff seeks to bring a claim under the Higher Education Act of 1965, 20 U.S.C. § 1070, *et seq.*, it is questionable whether plaintiff has a right to file suit under this Act, as it does not expressly provide for a private right of action. *Cohen v. NCO Financial Systems, Inc.*, 2006 WL 1814151 (N.D. Tex. 2006); *White v. Apollo Group*, 241 F.Supp.2d 710, 713 (W.D. Tex. 2003)(dismissing suit for failure to state a claim upon which relief can be granted because there is no

private right of action under the Higher Education Act).

Further, to the extent that plaintiff seeks to sue the United States Department of Education for constitutional violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), such claims are not cognizable. Suits brought against the United States and its agencies under the civil rights statutes are barred by sovereign immunity. *Affiliated Professional Home Health Care Agency v. Shalala* 164 F.3d 282, 286 (5th Cir. 1999); *Unimex, Inc. v. United States Dept. of Housing and Urban Development,* 594 F.2d 1060, 1061 (5th Cir.1979); *F.D.I.C. v. Meyer,* 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Zuspann v. Brown*, 60 F.3d 1156, 1161 (5th Cir. 1995).

Before this court determines the proper disposition of Plaintiff's claims, he should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Accordingly;

**THE CLERK IS DIRECTED** to serve Plaintiff with a copy of this Order.

**IT IS ORDERED** that Plaintiff amend his complaint within thirty (30) days of the filing of this order to (1) identify the court's jurisdictional basis; (2) specifically state the relief that he is seeking; and (3) provide specific **facts** in support of the claim.

**Failure to comply with this order shall result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, November 2, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE