UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL JACK VINSON | : | DOCKET NO. 2:06-cv-1956 |
| VS. | : | JUDGE TRIMBLE |
| U.S. DEPARTMENT OF EDUCATION | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM ORDER

Currently before the court is a "Motion for Appointment of Counsel" [doc. 1] filed by *pro se* plaintiff, Michael Jack Vinson. By this motion, Plaintiff seeks appointment of counsel under Section 706(f) of the Civil Rights Act of 1964 [42 U.S.C. s 2000e-5(f)] to assist him with the above-captioned civil rights matter.

42 U.S.C. §2000e-5(f)(1) provides, in pertinent part:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

A plaintiff has no right to automatic appointment of counsel under this provision. *Gonzalez v. Carlin*, 907 F.2d. 573 (5th Cir. 1990). "Rather, the decision whether to appoint counsel rests within the sound discretion of the trial court." *Id.* A court analyzing the merits of a request for appointed counsel should consider: (1) the merits of the plaintiff's claim, (2) plaintiff's efforts to obtain counsel on his own behalf, and (3) plaintiff's financial ability to retain counsel. *Gonzalez, supra*; *Neal v. IAM Local Lodge 2386*, 722 F.2d. 247 (5th Cir. 1984); *Caston v. Sears, Roebuck, and Company*, 556 F.2d. 1305 (5th Cir. 1977). No one factor is considered conclusive. *White v. United States Pipe & Foundry Co.*, 646 F.2d. 203 (5th Cir. 1981).

The plaintiff's complaint is vague and does not clearly set forth a cause of action. The court has given plaintiff an opportunity to amend his complaint to set forth specific facts to support a cause of action. However, at this time the court finds that the merits of Plaintiff's claim weigh against the appointment of counsel.

Additionally there is nothing in the motion to indicate that plaintiff has attempted to obtain counsel on his own behalf.

Finally, the financial information provided by the plaintiff indicates that he is currently unemployed and that he was last employed in 1996. He has no current source of income. Plaintiff has provided the court with no explanation of his unemployment. Thus, it is at least questionable whether plaintiff could obtain employment and possibly arrange a payment plan with an attorney who might be willing to take his case.

After weighing plaintiff's situation in light of the three factors mandated by the Fifth Circuit, this court finds that they weigh against the appointment of counsel.

ACCORDINGLY,

IT IS ORDERED that the plaintiff's Motion for Appointment of Counsel by the court be and same hereby is DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, November 2, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE