UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL JACK VINSON** | : | **DOCKET NO. 2:06-cv-1956** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **U.S. DEPARTMENT OF EDUCATION** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Currently before the court is a civil action filed *in forma pauperis* by *pro se* plaintiff, Michael Jack Vinson. The plaintiff names the United States Department of Education as the defendant in this case. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Because Plaintiff is proceeding *in forma pauperis*, the court is authorized to review the complaint under 28 U.S.C. §1915 and to dismiss any claims which the court determines are frivolous, fail to state a claim upon which relief can be granted, or seek monetary damages from a defendant who is immune from such relief.

### FACTUAL SUMMARY

The factual allegations of plaintiff's complaint are very vague. The undersigned put the plaintiff on notice of the deficiencies of his complaint and allowed him an opportunity to amend. Plaintiff has filed a response to the court's Order to Amend. Nevertheless, the undersigned remains unable to determine with any clarity the relief that plaintiff is seeking.

Liberally construing the plaintiff's complaint and his responses to the Memorandum Order to Amend, it appears that plaintiff claims that a debt owed by him to the United States Department of Education in the amount of $6,092.28 should have been discharged in a bankruptcy proceeding.

It further appears that plaintiff has invoked the Higher Education Act of 1965 as the basis of this court's jurisdiction.

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction, and the grounds for jurisdiction must be present at the time that the action is filed and must be evident on the face of the complaint. Fed.R.Civ.P. Rule 8(a); 28 U.S.C. § 1330, *et seq.* As stated above, plaintiff cites the Higher Education Act of 1965 as the basis of this court's jurisdiction over his claims. However, the Higher Education Act of 1965, 20 U.S.C. § 1070, *et seq.*, does not provide for a private right of action. *Cohen v. NCO Financial Systems, Inc.*, 2006 WL 1814151 (N.D. Tex. 2006); *White v. Apollo Group*, 241 F.Supp.2d 710, 713 (W.D. Tex. 2003)(dismissing suit for failure to state a claim upon which relief can be granted because there is no private right of action under the Higher Education Act). Accordingly, plaintiff cannot seek relief under this Act.

Further to the extent that plaintiff seeks to have this court enforce a bankruptcy judgment against the named agency, the court finds that there is nothing in the record to evidence that a judgment in favor of plaintiff actually exists. A review of the plaintiff's pleadings as well as the electronic records for the United States Bankruptcy Court for the Western District of Louisiana fails to disclose that plaintiff has actually filed a petition for bankruptcy and been granted a discharge of his debt.[1]

Accordingly,

IT IS RECOMMENDED that this civil action be DISMISSED for lack of jurisdiction and/or for failing to state a claim upon which relief can be granted.

---

[1] Student loans are generally non-dischargable in bankruptcy unless the petitioner can show that the debt would impose an "undue burden" on him. 11U.S.C. § 523(a)(8). The findings of the bankruptcy court on this issue are reviewed *de novo* on appeal. *In Re Gerhardt*, 348 F.3d 89 (5th Cir. 2003).

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 8, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE